

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS


**ATTORNEY GENERAL**

Dr. W. A. Davis, State Registrar
Bureau of Vital Statistics
Texas State Board of Health
Austin 2, Texas

Dear Sir:

Opinion No. O-7001

Re: Birth certificates for
adopted children.

Your request for our opinion on the above question reads as follows:

"I am enclosing a photostatic copy of a letter received from Hon. Leland M. Johnson, Attorney at Law, Dallas, Texas, and also a copy of my reply, and a photostatic copy of the birth certificate which was filed for the adopted child.

"May I ask you to look over them carefully, and if I am in error in declining to falsify the birth certificate of this child by giving the place of adoption as the place of birth, will you please call my attention to it immediately."

The letter to you from Honorable Leland M. Johnson reads as follows:

"Please mail me a Birth Certificate for Darla Jan Clayton.

"I recently wrote requesting a Certificate but apparently made the mistake of calling for a photostatic copy of a certificate which I had enclosed in my letter on the occasion, and you responded by sending me a photostatic copy of a certificate which is of no use and benefit to my clients, the adopting parties.

"You will find enclosed a photostatic copy for which I wish to make this inquiry:

"1. The adopting parents desire that the birth certificate show the child to be born in Dallas, Dallas County, Texas, rather than Louisville, Jefferson County, Kentucky. Is that request met on the after-adoption certificate?

"2. You will note on the photostatic copy enclosed that Items 20 and 21 are not answered, and should not the after-adoption certificate of birth show an answer of one (1) child?

"I herewith enclose my check for $0.50 for the Birth Certificate above requested. Please mail same to the writer."

Your reply to said letter is as follows:

"I have your letter of December 11.

"You returned with that letter a photostatic copy of the birth record of Darla Jan Clayton, the adopted child of Archie Davis Clayton and his wife. The certificate shows that she was born March 18, 1945 in Louisville, Jefferson County, Kentucky. You also enclose your check No. 331 for fifty cents, on the Texas Bank and Trust Company, and state that the adopting parents desire the birth certificate to show that the child was born in Dallas, Dallas County, Texas, where adopted, rather than in Louisville, Jefferson County, Kentucky, where the child was born.

"Further, you ask that item 20 'number of children born to this mother including this birth' be shown as 1, and item 21 'number of children born to this mother and now living' as 1.

"The State Registrar was not present at either the birth or the adoption of this child and can know nothing except what the records show. Upon the receipt of the adoption decree, the birth certificate for the adopted child is written so as to show the facts stated in the adoption decree, the report of adoption, and the information furnished relative to the adopting parents.

"I cannot comply with the request of your clients and change the record so as to show the place of adoption as the place of birth, for that would be contradictory to all 3 of the documents previously filed. I cannot show that this was the first child born to this mother unless the statement furnished by the adopting parents carried that information.

"If this child is the natural child of either Mr. Clayton or Mrs. Clayton, then the form upon which the information was furnished relative to the adopting parents should have been changed so as to show that fact. This could have been done by striking out the words 'by adoption' in the proper place.

"As to items 20 and 21, if Darla Jan Clayton was born to Mrs. Clayton, then items 20 and 21 should be filled out according to the facts.

"I am sure that your clients after thinking the matter over will not insist that I substitute on the birth certificate the place of adoption for the place of birth, for such is not the case unless the other records are in error.

"Since I cannot comply with your request, I am returning the fifty cents with this letter, and also the photostatic copy of the record issued December 6, 1945."

The photostatic copy of the birth certificate of the child referred to shows that said child was born in Louisville, Jefferson County, Kentucky.

In our opinion, you were not in error in declining to give the place of adoption as the place of birth of said child, for the following reasons:

Art. 46a, Sec. 1, Vernon's Annotated Civil Statutes, provides in part as follows:

"Any adult resident of this State may petition the District Court in the District of his residence or in the District of the residence of the child to be adopted for leave to adopt a minor child; such petition shall set forth the facts relevant to petitioner and child, and be verified by the affidavit of the petitioner. * * *"

One of the facts relevant to the child that should be set forth in said petition is the place of birth of said child.

Art. 4477, Rule 47a, Subdivision 26, is in part as follows:

"Provided further upon entry of final order of adoption the Judge or Clerk of Court shall notify the Registrar of vital statistics in State Department of Health of action taken, giving the names and addresses of the natural parents if known or of the child's next kin, the date of birth and name of such child before and after adoption and the name and addresses of foster parents. * * * Upon receipt of copy of any final order of adoption the State Registrar of Vital Statistics shall cause to be made a record of the birth in the new name or names of the adopting parents or parent."

Said Rule 47a also provides as follows:

"That the certificate of birth shall contain the following items, which are hereby declared necessary for the legal, social, and sanitary purposes subserved by registration records;

"(1) Place of birth, including State, county, precinct, town, or city. If in a city, the ward, street, and house number; if in a hospital or other institution, the name of the same to be given, instead of the street and house number."

We think it is clear from the above provisions of the statutes that the actual place of birth of said child is required to be stated in said certificate of birth. There is no authority for substituting for the place of

Dr. W. A. Davis, page 4 (O-7001)

birth the place of adoption. This is true for the additional reason that such change might interfere with the identification of such child and prevent said child from inheriting from its natural parents, though Section 9 of Art. 46a specifically provides that nothing in said law shall prevent an adopted child from inheriting from its natural parents, and that all adopted children shall inherit from the adopted as well as its natural parents.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 22, 1946

/s/ Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

JWB:LJ:LM

By  /s/ Jas. W. Bassett
Jas. W. Bassett
Assistant

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN